JANVIER, Judge.
This matter comes before us on application of Francis T. Cantelli for a writ of mandamus ordering the Judge of the District Court to grant a suspensive appeal from a judgment granting a preliminary injunction under which the said Cantelli was required to cease and desist from using certain premises until certain health and zoning violations should be “corrected.”
The premises in question bear the municipal numbers 1336-38 Lowerline Street and 7510 Willow Street. The Health Ordinance which was involved was No. 16,308 C.C.S. The Zoning Ordinance which, according to the City, is being violated is No. 18,565 C.C.S. The City alleges that this Zoning Ordinance is being violated *564 particularly in that although two families are permitted in such premises, many times that number are actually domiciled therein.
It appears that the violations of the Health Ordinance have been eliminated and there is presented only the question of whether, as a result of the Zoning Ordinance, the number of families in the premises must be reduced.
The said Cantelli contends that in refusing to grant a suspensive appeal the said District Judge abused his discretion.
It is conceded that the premises in question are operated in violation of the Zoning Ordinances of the City of New Orleans. The defense to the suit on this ground is that the nonconforming status of the said premises had existed long prior to the adoption of the said ordinance.
In refusing to grant the suspensive appeal the District Judge said that he had visited the premises himself after the suit was filed and that he visited them again on the day before he rendered the judgment granting the preliminary injunction.
It is conceded by counsel for Can-telli that, under LSA-R.S. 13:4070, a District Judge has discretion to grant or to refuse to grant a suspensive appeal from a judgment granting a preliminary injunction, but it is contended that the discretion was abused here and that this abuse is evidenced in two ways,—by the fact that there is no necessity for the immediate closing of the premises and that this is indicated by the action of the City in delaying many months between the time of the filing of the suit and the time at which it was brought to trial, also by the fact that the District Judge verbally acknowledged that he would grant a suspensive appeal if counsel for plaintiff had no objection thereto. Counsel for Cantelli also says that the nonconforming status of the property prior to the adoption of the ordinance entitles him to continue it in its nonconforming status and that if, as a result of the enforcement of the preliminary injunction, he is required for a period of six months to close the property or to reduce the number of tenants, the property will lose its nonconforming status and he will thus be deprived of his right to later contend that, because of its prior nonconforming status, that status may be continued.
We do not think that the delay of the City in bringing the matter to trial can be said to affect in any way the discretion of the District Judge in refusing to grant the suspensive appeal, since, in the affidavits which are submitted, there are stated facts which, if true, would indicate a glaring violation of the Zoning Ordinance and the necessity for the immediate closing of the premises.
Nor does the statement of the District Judge that he would grant the suspensive appeal if the City had no objection indicate that he did not exercise discretion in refusing to grant the suspensive appeal. As a matter of fact, it appears to us that that statement indicates that he exercised considerable discretion.
The closing of the premises as a result of the preliminary injunction would not deprive Cantelli of his right to later contend that the nonconforming status of the property had not been lost during that period. If such property is closed by injunction legally issued, surely the period during which it is closed cannot be charged against the owner of the property. Contra non valentum agere nulla currit praescriptio.
The application of defendant for a writ of mandamus to compel the District Judge to grant a suspensive appeal is refused.
Writs refused.